UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18-cv-00150

| | |
|---|---|
| AMY O'BRIEN HARTNESS, now AMY O'BRIEN,<br>    Plaintiff,<br><br>v.<br><br>ABT, INC.,<br>    Defendant. | AMENDED COMPLAINT |

The Plaintiff, by and through her undersigned counsel, amends her Complaint dated July 27, 2018 as follows:

1. Plaintiff realleges the allegations contained in her Complaint dated July 27, 2018 as if fully set forth herein.

2. Plaintiff's claims arise under and pursuant to ERISA §502, 29 USG §1132.

3. This Court has jurisdiction over this action pursuant to ERISA §502(e)(2), 29 USC §1132(e)(1).

4. Venue is proper in this District pursuant to ERISA §502(e)(2), 29 USC §1132(e)(2), because this is the District where the Plaintiff was administered, where breaches of fiduciary duty took place, where Plaintiff resided at all times relevant hereto, and where Defendant operates their business.

## DESCRIPTION OF THE PLAN

5. Upon information and belief, Plaintiff, as an employee of Defendant, had health insurance through Defendant's group health insurance with United Healthcare.

6. Upon information and belief, at all times relevant to this Complaint, the plan was an employee benefit plan within the meaning of ERISA §§3(3) and 3(2)(a), 23 USC §1002(3).

7. Upon information and belief, this health insurance benefit was available to all of Defendant's employees who were full-time, active employees.

## FIRST CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

8. Plaintiff fully incorporates paragraphs 1 through 7 above and the allegations contained in her original Complaint dated July 27, 2018 by reference as if fully set forth herein.

9. Upon information and belief, Defendant withheld funds from its employees' paychecks and used the funds to pay the premium's for the health insurance plan.

10. Under ERISA, Defendant had a fiduciary duty to pay the funds collected from their employees' paychecks to United Healthcare for the maintenance of the group health insurance plan.

11. A fiduciary of a plan under ERISA would breach this duty by failing to comply with the terms of the policy and allowing the policy to lapse. The fiduciary here did not act with the care and diligence required by law because Defendant failed to pay the health insurance premiums and as a result the health insurance benefits lapsed.

12. As a direct and proximate result of the breach of fiduciary duty as alleged herein and in Plaintiff's Complaint dated July 27, 2018, Plaintiff incurred substantial debt as a result of a medical procedure performed on October 14, 2016 that would have been covered by her health insurance benefit had Defendant paid the premium.

13. Upon information and belief, Defendant settled any and all debts of other employees incurred as a result of this lapse in their group health insurance coverage.

14. Subsequent to Plaintiff discovering that her health insurance coverage as allegedly provided by Defendant had lapsed, Plaintiff provided to Defendant all relevant information in which to process this claim and had offered to Defendant all of her applicable medical bills and invoices and offered through Plaintiff's counsel to execute any document or provide any information that would assist in the processing of these claims. Defendant failed and refused to assist Plaintiff or her counsel, to resolve these issues after being requested on repeated occasions to do so.

15. Pursuant to ERISA §502(a), 29 USC §§1132(a) and 409, 29 USC §1109(a), Defendant is liable to restore the losses caused by their breach of fiduciary duty as alleged herein.

## SECOND CLAIM OF RELIEF
## EQUITABLE RELIEF

16. Plaintiff fully incorporates paragraphs 1 through 16 above and the allegations contained in her original Complaint dated July 27, 2018 by reference as if fully set forth herein.

17. Under ERISA 29 USC §1132(a)(3), a beneficiary may obtain appropriate relief.

18. Plaintiff is entitled to an equitable award from this Court based on the reasons enumerated in this Amended Complaint and Plaintiff's Complaint dated July 27, 2018.

19. Plaintiff has been injured as a direct and proximate result of Defendant's failure to make the premium payment to United Healthcare.

20. Defendant's breach of fiduciary duty caused United Healthcare to deny coverage for Plaintiff's medical procedure of October 14, 2016 causing substantial injury to Plaintiff.

WHEREFORE, Plaintiff respectfully prays the Court that:

1. Defendant be ordered to pay to Plaintiff the health insurance benefits due to her under her group health insurance plan;

2. Defendant be ordered to pay the costs of this action pursuant to 29 USC §1132(g);

3. Defendant be ordered to pay Plaintiff's attorney fees pursuant to 29 USC §1132(g);

4. Plaintiff be granted the relief sought in the Complaint filed herein and dated July 27, 2018; and

5. Such other and further relief as the Court may deem just and proper.

This the 6th day of December, 2018.

s/Samuel B. Winthrop
Samuel B. Winthrop, NC Bar No. 16896
Attorney for Plaintiff
Winthrop and Winthrop, PLLC
706 Hartness Road
Statesville, NC 28677
Phone: 704-872-9544
Fax: 704-872-7712
Email: swinthroplaw@gmail.com

# CERTIFICATE OF SERVICE

I do hereby certify that I have this date served a copy of the foregoing AMENDED COMPLAINT on the below named by depositing a copy of the same in the United States mail, postage prepaid and properly addressed as follows:

Attorney for Defendant:
Mark W. Bakker
Nexsen Pruet, LLC
55 E. Camperdown Way
Suite 400
Greenville, SC 29601

This the 6th day of December, 2018.

                                         /s/Samuel B. Winthrop
                                     Samuel B. Winthrop, NC Bar No. 16896
                                     Attorney for Plaintiff
                                       Winthrop and Winthrop, PLLC
                                       706 Hartness Road
                                       Statesville, NC 28677
                                       Telephone: (704) 872-9544
                                       Facsimile: (704) 872-7712
                                       Email: swinthroplaw@gmail.com